IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 2945 |
| | ) |
| HTC CORPORATION and HTC AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

In this suit for patent infringement, defendants HTC Corporation and HTC America, Inc. (collectively "HTC") move for summary judgment finding and concluding that the patents in suit, No. 7,266,186 (the '186 patent) and No. 7,310,416 (the '416 patent) owned by plaintiff Intellect Wireless, Inc. ("IW"), are unenforceable due to inequitable conduct and unclean hands. HTC contends the inventor, Daniel Henderson, submitted false and misleading declarations in order to gain the allowance of nine related patent applications.

A finding of inequitable conduct may result if a patent applicant breaches the duty to prosecute a patent application in good faith and with candor.

*See* 37 C.F.R. § 1.56; ***Purdue Pharma L.P. v. Endo Pharm. Inc.***, 438 F.3d 1123, 1128 (Fed. Cir. 2006). Inequitable conduct is not limited to a patent-in-suit. It may also render related patents unenforceable when the inequitable conduct had an "immediate and necessary relation" to other patents. ***Consol. Aluminum Corp. v. Foseco Int'l Ltd.***, 910 F.2d 804, 810-11 (Fed. Cir. 1990) (quoting ***Keystone Driller Co. v. Gen. Excavator Co.***, 290 U.S. 240, 245 (1933)); ***Ethypharm S.A. France v. Abbott Labs.***, 748 F. Supp. 2d 354, 361 (D. Del. 2010). *See also* ***Therasense, Inc. v. Becton, Dickinson & Co.***, 649 F.3d 1276, 1288-89 (Fed. Cir. 2011) (*en banc*). However, whether and how patents are related must be clearly shown. *See Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1229 (Fed. Cir. 2007) (quoting ***Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.***, 488 F.3d 982, 999 (Fed. Cir. 2007)) (materiality of nondisclosure or misrepresentation must be shown by clear and convincing evidence); ***Tarkett, Inc. v. Congoleum Corp.***, 156 F.R.D. 608, 614 (E.D. Pa. 1994); ***Hoffman-La Roche, Inc. v. Promega Corp.***, 319 F. Supp. 2d 1011, 1020-21 (N.D. Cal. May 13, 2004) (*dictum*).

The accused infringer must prove both materiality and intent by clear and convincing evidence. ***Therasense***, 649 F.3d at 1287; ***Nilssen***, 504 F.3d at 1229

(quoting *Honeywell*, 488 F.3d at 999). In a recent *en banc* decision, the Federal Circuit noted the proliferation of the inequitable conduct defense and its negative consequences and therefore chose to tighten the standards for proving both intent and materiality. *Therasense*, 649 F.3d at 1287-90.

As to proving intent, the Federal Circuit held:

> To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO. *Star [Scientific, Inc. v. Reynolds Tobacco Co.]*, 537 F.3d [1357,] 1366 [(Fed. Cir. 2008)] (citing *Kingsdown [Med. Consultants, Ltd. v. Hollister Inc.]*, 863 F.2d [867,] 876 [(Fed. Cir. 1988)]). A finding that the misrepresentation or omission amounts to gross negligence or negligence under a "should have known" standard does not satisfy this intent requirement. *Kingsdown*, 863 F.2d at 876. "In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made *a deliberate decision* to withhold a *known* material reference." *Molins [PLC v. Textron, Inc.]*, 48 F.3d [1172,] 1181 [(Fed. Cir. 1995)] (emphases added). In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it.
>
> * * *
>
> Intent and materiality are separate requirements. *Hoffmann–La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1359 (Fed. Cir. 2003). A district court should not use a "sliding scale," where a weak showing of intent may be found sufficient based on a strong showing of materiality, and vice versa. Moreover, a district court may not infer intent solely from materiality. Instead, a court must weigh the evidence of

intent to deceive independent of its analysis of materiality. Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive. *See Star*, 537 F.3d at 1366 ("the fact that information later found material was not disclosed cannot, by itself, satisfy the deceptive intent element of inequitable conduct").

Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence. **Larson Mfg. Co. of S.D., Inc. v. Aluminart Prods. Ltd.**, 559 F.3d 1317, 1340 (Fed. Cir. 2009). However, to meet the clear and convincing evidence standard, the specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence." *Star*, 537 F.3d at 1366. Indeed, the evidence "must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances." *Kingsdown*, 863 F.2d at 873 (emphasis added). Hence, when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found. *See* **Scanner Techs. Corp. v. ICOS Vision Sys. Corp.**, 528 F.3d 1365, 1376 (Fed. Cir. 2008) ("Whenever evidence proffered to show either materiality or intent is susceptible of multiple reasonable inferences, a district court clearly errs in overlooking one inference in favor of another equally reasonable inference."). . . .

Because the party alleging inequitable conduct bears the burden of proof, the "patentee need not offer any good faith explanation unless the accused infringer first . . . prove[s] a threshold level of intent to deceive by clear and convincing evidence." *Star*, 537 F.3d at 1368. The absence of a good faith explanation for withholding a material reference does not, by itself, prove intent to deceive.

*Therasense*, 649 F.3d at 1290-91.

As to proving materiality, the Federal Circuit held "that, as a general matter, the materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. There is, however, an exception to but-for materiality when there is "affirmative egregious misconduct." *Id.* at 1292.

> This exception to the general rule requiring but-for proof incorporates elements of the early unclean hands cases before the Supreme Court, which dealt with "deliberately planned and carefully executed scheme[s]" to defraud the PTO and the courts. *Hazel-Atlas [Glass Co. v. Hartford-Empire Co.]*, 322 U.S. [238,] 245 [(1944)]. When the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, the misconduct is material. *See Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1571 (Fed. Cir. 1983) ("there is no room to argue that submission of false affidavits is not material"); *see also Refac Int'l, Ltd. v. Lotus Dev. Corp.*, 81 F.3d 1576, 1583 (Fed. Cir. 1996) (finding the intentional omission of declarant's employment with inventor's company rendered the affidavit false and that "[a]ffidavits are inherently material"). After all, a patentee is unlikely to go to great lengths to deceive the PTO with a falsehood unless it believes that the falsehood will affect issuance of the patent. *See [Hazel-Atlas*, 322 U.S.] at 247 (pointing out that patentee's lawyers "went to considerable trouble and expense" to manufacture false evidence because they believed it was needed to obtain issuance of the patent).

*Id.*. Additionally, breaking with past practice, the Federal Circuit rejected following PTO Rule 56's definition of materiality, characterizing the Rule 56 definition as too broad and setting too low of a bar. *Id.* at 1293-95.

After examining the submissions of the parties, it is concluded that there are a number of disputed factual issues and undeveloped issues which preclude a summary finding of inequitable conduct as a matter of law. However, the question of inequitable conduct can be severed for trial by the court. *Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1371-75 (Fed. Cir. 2006). Based on the parties' showings, the issue will be severed for an early trial before the court.

The parties will be ordered to file statements of undisputed facts, proposed findings of fact, proposed conclusions of law, lists of exhibits, and lists of witnesses. If properly indexed for use at trial, materials submitted in connection with the summary judgment motion may be utilized by he parties.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [133] is denied. Plaintiff's motion to strike [166] is denied without prejudice. Defendant's motion to compel [141] is denied without prejudice to filing a new motion to compel after the court rules on inequitable conduct. Within four weeks, the parties shall file pretrial material as described in this order. On

April 12, 2012 at 11:00 a.m., a status hearing will be held to fix a date for trial of the severed issue.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: MARCH 2, 2012