IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 2945 |
| | ) |
| HTC CORPORATION, ET AL., | ) |
| | ) |
| Defendants. | ) |

# **OPINION AND ORDER**

HTC Corporation and HTC America, Inc., defendants ("HTC"), have moved for a finding that this case is "exceptional" within the meaning of the Patent Act's fee-shifting provision which authorizes the award of attorney fees and costs to prevailing parties in "exceptional cases." 35 U.S.C. § 285. HTC also contends that a finding should be made, pursuant to 28 U.S.C. § 1927, that the attorneys for plaintiff Intellect Wireless, Inc. ("IW") are personally required to satisfy HTC's costs and attorney fees because they have unreasonably and vexatiously multiplied the proceedings.

The case is now before the court on the motion of HTC to compel the production of certain documents in the possession of IW's attorneys ("Niro") as to

which an attorney-client privilege and attorney work-product has been claimed.[1] HTC argues that any attorney-client privilege belonging to IW was lost by its fraudulent conduct in this case.

This court found that the patents in suit were unenforceable due to inequitable conduct before the patent office. *Intellect Wireless, Inc., v. HTC Corp.*, 910 F. Supp. 2d 1056 (N.D. Ill. 2012), *aff'd*, 732 F.3d 1339 (Fed. Cir. 2013). The prior rulings establish *prima facie* support for a finding of an exceptional case. *See* *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (quoting *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001)). Accordingly, HTC's request for additional limited document discovery was granted.

The Federal Circuit has established the standard for a crime-fraud exception to the attorney-client privilege. Any finding "must be based on independent and clear evidence of deceptive intent together with a clear showing of reliance." *Unigene Labs., Inc. v. Apotex, Inc.*, 655 F.3d 1352, 1358-59 (Fed. Cir.

---

[1] Although work-product has been asserted regarding some of the documents at issue, Niro's response [Docket Entry 286] contains no argument specifically directed to work-product. Regardless, the crime-fraud exception applies to work-product as well as attorney-client privilege. *Orchestrate HR, Inc. v. Trombetta*, 2014 WL 884742 *1 (N.D. Tex. Feb. 27, 2014).

2011) (quoting *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000)). The showing required is:

> (1) a representation of material fact, (2) the falsity of that representation, (3) the intent to deceive or, at least, a state of mind so reckless as to the consequences that it is held to the equivalent of intent (scienter), (4) a justifiable reliance upon the misrepresentation by the party deceived which induces him to act thereon, and (5) injury to the party deceived as a result of his reliance on the misrepresentation.

*Unigene*, 655 F.3d at 1359 (quoting *Spalding*, 203 F.3d at 807). At the discovery stage, a *prima facie* showing is required, but that showing "is 'not a particularly heavy' burden." *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1330 (Fed. Cir. 2011) (quoting *In re Grand Jury Investigation*, 445 F.3d 266, 274-75 (3d Cir. 2006).

      This court has found, and the Federal Circuit has affirmed, a series of false representations of material fact relating to invention, demonstration, actual reduction to practice, and diligence. The court has found that Daniel Henderson, the patentee and owner of IW, intended to deceive the PTO. The PTO was injured by the issuance of unenforceable patents.

      Since the affirmance of this case by the Federal Circuit, HTC has obtained by subpoena from Robert Tendler, the attorney who prosecuted the

patents-in-suit before the PTO, an e-mail exchange between Henderson and Tendler in February 2007. The communications clearly reveal Henderson's awareness of false content in a filed declaration and instruct Tendler to confer with Niro about the matter.[2] This exchange alone warrants the document discovery sought and deprives IW of any attorney-client privilege.

The fact that attorneys at Niro now state that they were unaware of the February 2007 communications between Henderson and Tendler and contend that Tendler did not communicate with them about the false declaration filed with the PTO is not relevant to the question of whether IW has an attorney-client privilege. The loss of the privilege depends upon the wrongdoing of the party, not the conduct or knowledge of the lawyers. ***In re Napster, Inc. Copyright Litig.***, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds*, ***Mohawk Ind., Inc. v. Carpenter***, 558 U.S. 100 (2009); ***State Farm Mut. Auto. Ins. Co. v. Hawkins***, 2011 WL 595810 *3 (E.D. Mich. Feb. 10, 2011).

IW does not have an attorney-client privilege which prevents the production of the documents withheld by its attorneys.

---

[2] Robert Tendler has been suspended from practice before the PTO for his conduct in connection with the false declarations.

- 5 -

IT IS THEREFORE ORDERED that defendants' motion to compel [276] is granted. Within seven days, Intellect Wireless and the Niro law firm shall produce the requested documents. A hearing on status will be held on May 29, 2014 at 2:00 p.m.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: MAY 6, 2014