IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., | |
| Plaintiff, | Case No. 09-cv-02945 |
| v. | Honorable William T. Hart |
| HTC CORPORATION and HTC AMERICA, INC., | Magistrate Judge Geraldine Soat Brown |
| . Defendants. | **REDACTED – PUBLIC VERSION** |

**PLAINTIFF'S OPPOSITION TO HTC'S MOTION FOR FEES AND EXPENSES**

Respectfully submitted,

Shelly B. Kulwin
KULWIN, MASCIOPINTO & KULWIN, LLP.
161 North Clark Street, Suite 2500
Chicago, IL 60601
(312) 641-0300
skulwin@kmklawllp.com

Attorney for Intellect Wireless, Inc.

## I.    INTRODUCTION[1]

Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC") seek the award of $4,801,476.44 in attorneys' fees and related nontaxable expenses.  (HTC's Mot. for Fees ("Mot."), Dkt. No. 330, at p. 1).  In the parties' Joint Statement, HTC sought fees and expenses totaling ███████ .  (HTC's Ex. 1, Dkt. No. 330-2, Joint Statement Pursuant to Local Rule 54.3 ("Jt. Statement") at p. 1).  HTC has failed to establish that it is entitled to any fees and expenses, let alone meet its burden in showing the reasonableness of its fees and expenses,[2] based on either the amount of hours spent or the hourly rate at which its counsel charged.  A substantial amount of fees and expenses could have avoided if HTC had agreed with Plaintiff's request for a bench trial in inequitable conduct in June 2011 rather than delaying the bench trial until June 2012.  (Dkt. No. 124).  Moreover, HTC apparently included time entries and expenses without regard to whether they are reasonable or appropriate.  As discussed more fully below, HTC seeks: (1) ██████ hours for fees by an unnecessary attorney at trial (see p. 7); (2) fees for almost 1,000 hours on an unsuccessful summary judgment motion (see pp. 7-8); (3) fees for ██████ hours preparing for a deposition (see pp. 8-9); (4) ████████ for Rex Bautista's time to ████████████████████████████████████████████████████ (see pp. 9-10); (5) fees for a huge number of time entries that were so heavily redacted that they cannot be evaluated (see pp. 10-11); (6) fees for █████ hours for a claim construction proceeding in an unrelated case (see pp. 11-12); and (7) █████ for a "meal" charged by Martin Bader that is comprised largely of 36 alcoholic drinks (see pp. 12-13).  For these, and the reasons discussed

---

[1] Intellect Wireless, Inc. has relied upon its former trial counsel, Niro, Haller & Niro, Ltd. in the preparation of this pleading.

[2] For brevity, Plaintiff will refer only to "fees" instead of "fees and expenses," unless a specific request for expenses is in dispute.

more fully below, HTC's request for fees and expenses should be reduced in accordance with Plaintiff's objections.

## II.     LEGAL STANDARD

For federal fee-shifting provisions such as section 285 of the Patent Act, the award of "reasonable" attorneys' fees is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012) ("[T]he Supreme Court has advised that all federal fee-shifting statutes calling for an award of reasonable attorneys' fee[s] should be construed uniformly.") (internal quotations omitted). Because the award of "attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law," Federal Circuit law applies. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001).[3]

"The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999) (citing *Hensley*, 461 U.S. at 433). In evaluating whether HTC has met its burden, the Court may use its "prior experience to reduce hourly rates and the number of hours claimed in" HTC's fee request. *Saxton v. Sec'y of Dep't of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Water Techs. Corp. v. Calco, Ltd.*, 658 F. Supp. 980, 984 (N.D. Ill. 1987) ("It is the intention of the court to determine the reasonableness of the claimed attorneys['] fees by judging the appropriateness of the hourly rates and the number of hours charged to the pursuit of the litigation.").

---

[3] While Federal Circuit law ultimately controls, Plaintiff has looked to Seventh Circuit law in areas not addressed or contradicted by the Federal Circuit. *See, e.g.*, *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 757-58 (S.D. Ind. 2003).

### III. HTC'S ATTORNEYS' HOURLY RATES ARE UNREASONABLE

HTC seeks compensation at several hourly rates for some twenty-two (22) different attorneys that billed time on this case ranging from an average hourly rate of ████████. (HTC's Ex. 1, Dkt. No. 330-2, Jt. Statement at pp. 1-3). After including all the hours and rates for its paralegals and support staff, HTC is seeking fees for hours billed by some forty-six (46) different people. HTC contends there should be no question about the reasonableness of the rates charged by HTC's counsel because:

- the actual billed and paid rate is presumed to be an appropriate rate; and

- its rates are reasonable because "HTC actually paid the invoices provided in this case";

(HTC Mot. at pp. 4-5). These contentions do nothing to support HTC's reasonableness claim.

With respect to HTC's contention that a "presumption" of reasonableness applies, this presumption appears to be a creation of the Seventh Circuit. *See Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10-cv-204, 2012 WL 3716961, at *2 (N.D. Ill. Aug. 27, 2012) (in context of awarding sanctions for discovery violations, citing Seventh Circuit precedent for aforementioned proposition). However, Federal Circuit precedent, which is controlling for the calculation of attorneys' fees under § 285, does not appear to apply such a presumption. For example, in *Bywaters*, the Federal Circuit implicitly rejected such a presumption by ruling that the rates in the Eastern District of Texas – where the case was brought – should be used instead of the rates in the District of Columbia – where the fee petitioner's ***counsel's office was located***. 670 F.3d at 1232-34. If the ***market*** rates of the region where the fee petitioner's counsel is located are inapplicable, then the ***actual*** rates of fee petitioner's counsel are likewise inapplicable.

To determine whether HTC's attorneys' rates are reasonable, the Court must look at the prevailing market rates ***in the relevant community***, *i.e.*, the forum where the Court is located.

*See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Bywaters*, 670 F.3d at 1232-34. HTC has the "burden 'to produce satisfactory evidence … that the requested rates are in line with those prevailing' in the forum 'for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Bywaters*, 670 F.3d at 1234 (quoting *Blum*, 465 U.S. at 896 n.11). HTC provides no evidence of this type, let alone satisfactory evidence. HTC's contentions regarding market rates and its payment of bills are nothing more than unsupported, self-serving attorney argument that cannot support its requested rates. *See Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009) ("unsworn attorney argument … is not evidence"); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999) (finding self-serving affidavits as to the market rate for associates insufficient).

To determine the prevailing rate in the relevant forum under § 285, "[t]he Federal Circuit has approved use of the American Intellectual Property Law Association's economic survey." *Eli Lilly*, 264 F. Supp. 2d at 766. According to the AIPLA 2013 Report of the Economic Survey, the average hourly billing rate is $497/hr for a private firm partner and $365/hr for a private firm associate in the Chicago region. (Pl.'s Ex. 1, 2013 AIPLA Survey at I-34, I-48.) Accordingly, the award of reasonable attorneys' fees[4] to HTC should only be permitted at the AIPLA rates as set forth in Plaintiff's Exhibit 2.

## IV.    PLAINTIFF'S OBJECTIONS TO HTC'S TIME ENTRIES

As set forth in the parties' Joint Statement, many of HTC's time entries are objectionable on multiple grounds. However, Plaintiff has endeavored to ensure that each time entry is only deducted once from the requested fee award. As such, Plaintiff has requested the reduction of

---

[4] Plaintiff also objects to the rates charged by HTC's paralegals and staff. Those requested rates and reasonable rates are also set forth in Plaintiff's Exhibit 3.

those time entries that were objected to on multiple grounds based only on a single objection. Plaintiff does not waive its additional objections to these time entries.

### A.    Block Billing

"Block billing" is "the practice of lumping several different activities into one line item." *Dupuy*, 648 F. Supp. 2d at 1029. While it is not *per se* prohibited, "courts have reduced or denied attorneys' fees where block billing and vague descriptions have left them unable to discern whether the amount of time spent on each individual task was reasonable." *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 986 (N.D. Ill. 2012). In other words, "a fee applicant must show the time spent on specific tasks rather than simply the total time spent on a bundle of tasks." *Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 421 F. Supp. 2d 1117, 1119 (N.D. Ill. 2006).

Here, HTC cannot justify its counsel's use of block billing. Block billing is inappropriate where entries leave the Court "unable to discern whether the amount of time spent on each individual task was reasonable." *Gibson*, 873 F. Supp. 2d at 986. Each one of the entries that Plaintiff has objected to on this basis fits into this category. (*See* HTC Ex. 2, Dkt. No. 330-3, at pp. 105-110). Indeed, Plaintiff's Exhibit 4 shows some examples of HTC's improper block billing. For example, in time entry #1, Stephen Korniczky lists several different tasks including ███████████████████████████████████████████████████ making it impossible to determine if the time spent on any one issue is reasonable. (Pl.'s Ex. 4). Likewise, in time entry #2, Paul Korniczky lists different tasks for significant blocks of time without indicating the hours expended on each task. (*Id.*) In time entry #3, Mr. Mueller billed ███ hours to various disparate tasks. These time entries exemplify the reason that block billing has been criticized in the context of attorneys' fees calculations.

Moreover, HTC's contention that Plaintiff's counsel's own use of block billing justifies its own use (HTC Mot. at p. 6) has been rejected by this Court. *Duran v. Town of Cicero*, No. 01

C 6858, 2012 WL 1279903, at *12 (N.D. Ill. Apr. 16, 2012).  The format of Plaintiff's counsel's time entries has no bearing on whether the Court can discern the reasonableness of the amount of time spent by HTC's counsel on each individual task.[5]

Plaintiff recognizes that block-billed time entries are not *per se* unreasonable and unrecoverable.  However, the entries identified by Plaintiff significantly obfuscate how much time was spent on each task.  As such, Plaintiff requests a reduction in these fees.  *See, e.g.*, *Gibson*, 873 F. Supp. 2d at 986-87 (reducing block billed time entries by 50%).  Plaintiff seeks a reduction of 81.5 hours in HTC's requested fees as set forth in Exhibit 5.

### B.   Excessive and Duplicative Billing

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S. at 434.  "[D]uplicative and excessive time, not reasonably billed to one's own client, cannot be billed to an adversary through a fee-shifting statute."  *Jardien v. Winston Network, Inc.* 888 F.2d 1151, 1160 (7th Cir. 1989).  In other words, hours that are "excessive, redundant, or otherwise unnecessary" should not be included in an attorney fee calculation.  *Riggins v. Sec'y of Health & Human Servs.*, 406 F. App'x 479, 481 (Fed. Cir. 2011).  Plaintiff then identified each and every entry to which it objected based upon these grounds.  (*Id.* at pp. 3-68).

Plaintiff has never made a claim that the number of hours devoted to a task alone determines the reasonableness of an attorneys' fee award.  Moreover, the context of the billing

---

[5] The Seventh Circuit's opinion in *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 564, 569 (7th Cir. 2006) was made in the context of the parties' failure to comply with Local Rule 54.3 and a party's attempt to justify this non-compliance.  Here, Plaintiff complied with Local Rule 54.3 and has not refused to provide its counsel's billing records.

entry is important. *Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1020-21 (N.D. Ill. 2009) ("The fact that many lawyers are sometimes needed does not mean many lawyers are always needed[.]").

### *1. George Kanabe was unnecessary and recovery for his time would be unreasonable*

HTC and its counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. HTC seeks reimbursement for ███ hours of work performed by its one of its attorneys, George Kanabe, at an hourly rate of ███. (HTC's Ex. 1 at p. 1). Plaintiff objects to the time entries by George Kanabe because these vast majority of his hours were billed proximate to the bench trial and Mr. Kanabe did not examine any witnesses, argue any contested motions, or present the opening statement or closing argument. (Plaintiff's Ex. 6). Those tasks were performed by Nagrenda Setty, Stephen Korniczky, Martin Bader, and Paul Korniczky, the attorneys that made appearances on the record during the bench trial. Even so, Mr. Kanabe was able to bill as much as ███ hours in a single day during trial.

The time entries for Mr. Kanabe are duplicative and excessive in light of the time entries on the same tasks from Stephen Korniczky, Nagrenda Setty, Martin Bader, Graham Buccigross, Matthew Mueller, Nam Kim, Rex Bautista, and others. As can be seen from Sheppard Mullin's bills, Mr. Kanabe was one of a multitude of HTC's counsel that billed time to this case. As such, HTC should not be reimbursed for any of Mr. Kanabe's fees. *Cf. Lane*, 2005 WL 1229388, at *8 (denying award of local counsel's fees for duplicative work, such as attending trial without participating). Accordingly, Plaintiff requests a reduction of ███ hours in HTC's requested fees for time billed by George Kanabe.

### 2. The Fees sought for HTC's summary judgment motions are unreasonable

HTC moved for summary judgment of inequitable conduct. (Dkt. No. 133). The Court denied HTC's summary judgment motion. (Dkt. No. 183). Six attorneys worked on HTC's opening summary judgment brief, reply summary judgment brief, the supplemental briefing, and related motion practice that ensued. (HTC's Ex. 2, Dkt. No. 330-3, at pp. 4-68). These time entries are undoubtedly excessive. It was unreasonable for HTC's attorneys to require ████ hours on this unsuccessful motion. (See Plaintiff's Ex. 17). Plaintiff has not objected to all ████ hours of summary judgment time entries, just those that are duplicative and excessive such that the total is reduced to a reasonable amount.

Additionally, Plaintiff sought an early bench trial on the issue of inequitable conduct such that the parties could avoid further delay and unnecessary fees and expenses. HTC opposed this request apparently preferring to spend time and money on issues unnecessary to the narrow issue of inequitable conduct. Following Plaintiff's request for a bench trial on June 28, 2011, HTC's attorneys billed time on summary judgment briefing and related motion practice which would have been unnecessary had the parties proceeded promptly to a bench trial in 2011. Instead, HTC's lawyers unnecessarily billed at least ████ excessive and duplicative hours for work on summary judgment. HTC's unsuccessful summary judgment motion did not narrow the issues for trial. HTC should not be permitted to now unreasonably shift fees to Plaintiff that would have been unnecessary had HTC agreed to an earlier bench trial. Plaintiff requests a reduction of ████ hours in HTC's requested fees as set forth in Exhibit 7.

### 3. Other Work was not Reasonable or Necessary

Any activity by an attorney, reasonable in the abstract, can become unreasonable based on the circumstances of the case. In identifying the time entries to which it objected, Plaintiff took into account that multiple attorneys may reasonably do some work on the same project and

that some collaboration and coordination of strategy may be necessary in litigation. Plaintiff did not object to every time entry that involved multiple attorneys. However, as HTC's time entries show, it was the circumstances (e.g., the amount of time spent or the nature of activity) that made the objected-to time entries duplicative and excessive. For example, 5 different people billed a total of ███ hours preparing for Mr. Henderson's deposition, not including the time Martin Bader billed for taking Mr. Henderson's deposition. (See HTC Ex. 2, Dkt. No. 330-3, at pp. 11-13). Such duplicative work is not necessary or reasonable. Additionally, HTC sought to recover fees (See HTC Ex. 2, Dkt. No. 330-3, at pp. 8-10) on a motion for fees that was previously denied during discovery. (Dkt. No. 107). Accordingly, Plaintiff seeks a 50% reduction of fees from ███ hours to ███ hours as set forth in Exhibit 8.

### C. Administrative Work

HTC has unreasonably sought fees for ███ hours of work that can only be characterized as non-legal, administrative tasks. (HTC Exhibit 2, Dkt. No. 330-3, at pp. 69-105). Purely administrative and clerical tasks, *i.e.*, tasks that need not be performed by attorneys, are not reimbursable as attorneys' fees. *Spegon*, 175 F.3d at 553; *Firestine v. Parkview Health Sys., Inc.*, 374 F. Supp. 2d 658, 667 (N.D. Ind. 2005). To award attorneys' fees for such tasks would improperly "compensate directly for attorney overhead." *Lane*, 2005 WL 1229388, at *7. Courts have found such non-reimbursable tasks to include filing motions; faxing; photocopying; organizing file folders; document preparation; gathering, copying, and labeling documents; scheduling various matters; mailing letters; maintaining "file integrity"; and updating case lists and calendars based on the status of the case. *See Spegon*, 175 F.3d at 553; *Firestine*, 374 F. Supp. 2d at 667; *Lane*, 2005 WL 1229388, at *7.

Amongst the hundreds of objectionable time entries, HTC's attorneys are improperly seeking fees for things like copying data to hard drive, preparing computer disks, preparing

budgets, cleaning conference rooms, packing exhibits, checking on delivery status of packages, and gathering exhibit stickers – all of which are purely administrative or clerical tasks. (Plaintiff's Ex. 9).  HTC has sought fees for things like time entry no. 17 in Exhibit 9:

| 17 | 06/14/2012 | NLE | ███████████████ | ██ |
| | | | ███████████ | |
| | | | ███ | |

Plaintiff requests a reduction of ███ hours in HTC's requested fees as set forth in Exhibit 10.

### D. Vague and/or Unsupported Time Entries

"A court should not award attorneys' fees to a party for time entries that are so vague that it is impossible to discern whether the time is excessive or even relevant to the claim on which the plaintiff prevailed."  *Crispin R. v. Bd. of Educ. of Chi., Dist. 299*, No. 09-CV-3993, 2010 WL 3701328, at *6 (N.D. Ill. Sept. 10, 2010).  The time entries identified by Plaintiff are so vague that the only support for their inclusion in HTC's request for fees is HTC's say-so as to the relevancy of these time entries.  This is not sufficient to meet HTC's burden to recover fees.

A few examples showing the vagueness of HTC's time entries are set forth in Plaintiff's Exhibit 11.  In time entry nos. 1, 2, and 6-12, the entire description of the time entry has been redacted.  Plaintiff's objections to HTC's redacted time entries are entirely proper, because Plaintiff has no way of knowing what the redacted portions indicate.  Notwithstanding Local Rule 54.3's permission of redaction, a time entry so heavily redacted that a party cannot evaluate the reasonableness of the entry (as is the case with the entries objected to by Plaintiff) does not support the award of that fee.  *See, e.g.*, *Pyatt v. Jean*, No. 04-CV-3098 (TCP)(AKT), 2010 WL 3322501, at *4-5 (E.D.N.Y. Aug. 17, 2010) (reducing award of fees where time records were, *inter alia*, severely redacted); *Signature Networks, Inc. v. Estefan*, No. C 03-4796 SBA, 2005 WL 1249522, at *8 (N.D. Cal. May 25, 2005).  The other time entries to which Plaintiff objected

do not withstand scrutiny either. In time entry nos. 3, 5, 13 and 14 in Plaintiff's Exhibit 11, the descriptions are so hopelessly vague that Plaintiff cannot reasonably evaluate the necessity of the work and the appropriateness of the time billed. The description for Mr. Buccigross' 2/16/2011 time entry (no. 5) merely states, ██████████████████████ There is no indication of the tasks or why strategizing for them should be a recoverable fee. Likewise, in time entries nos. 13 and 14 in Exhibit 11, Paul Korniczky billed for ████████████████████ and ██████████████████ These descriptions are too vague to be recoverable as well. Plaintiff seeks a reduction of ████ hours in HTC's requested fees as set forth in Exhibit 12.

### E. Fees Unrelated to this Lawsuit

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. "[D]uplicative and excessive time, not reasonably billed to one's own client, cannot be billed to an adversary through a fee-shifting statute." *Jardien v. Winston Network, Inc.* 888 F.2d 1151, 1160 (7th Cir. 1989). In other words, hours that are "excessive, redundant, or otherwise unnecessary" should not be included in an attorney fee calculation. *Riggins v. Sec'y of Health & Human Servs.*, 406 F. App'x 479, 481 (Fed. Cir. 2011).

The number of hours HTC'S counsel billed in connection with other unrelated litigation are excessive and represent hours billed by multiple attorneys doing the same work. For example, Stephen Korniczky and Martin Bader both took flights from San Diego to merely watch the claim construction hearing in the case pending before Judge Holderman between Plaintiff and Kyocera and Sprint. All told, HTC attorneys remarkably billed some ████ hours for claim construction proceedings carried out in a separate, unrelated case. (See Exhibit 13, entries nos. 2-6 and 13-27). Not only was this work excessive, but it was entirely unnecessary.

HTC was not a party to and had no role in that lawsuit. This time and related expenses, which should not have been billed in the first place, should not now be billed to Plaintiff. *Jardien*, 888 F.2d at 1160; *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 264 F. Supp. 2d 753, 770-71 (S.D. Ind. 2003). The same holds true for fees associated with work done on reexaminations of Plaintiff's patents. A reexamination is a separate proceeding at the USPTO and unrelated to the fees incurred in this litigation. Just as Plaintiff could not recover fees for the reexamination proceedings had it succeeded at trial, HTC cannot recover such fees now. Accordingly, Plaintiff requests a reduction of ▮▮▮ hours in HTC requested fees as set forth in Exhibit 14.

**F. Unnecessary and Unreasonable Expenses Should be Denied**

Plaintiff objects to any expenses now sought by HTC that are duplicative of expenses in HTC's Bill of Costs (Dkt. No. 222) already submitted to the court. (HTC Exh. 2, Dkt. No. 330-3 at pp. 151-155). Costs cannot be recovered twice by HTC and Plaintiff objects to the extent that HTC has not identified which costs are unique to its request pursuant to Local Rule 54.3. Unnecessary, duplicative and excessive expenses also arise from the number of attorneys who attended depositions, status hearings, and the bench trial. *Entm't Software Ass'n* v. *Blagojevich*, 2006 U.S. Dist. LEXIS 93638 *24 (N.D. Ill. Aug. 9, 2006) (two or three attorneys regularly attended depositions when one would have sufficed); *Chi. Messenger Serv.* v. *Nextel Communs., Inc.,* 2005 U.S. Dist. LEXIS 450 *3 (N.D. Ill. Jan. 12, 2005) (billing for two lawyers at depositions and status hearings was unreasonable). The relevant inquiry remains whether the time and expenses were "reasonably expended." *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 989 (N.D. Ill. 2012). The myriad unreasonable expenses include the following:

| Entry | Date | Name | Description | Purpose | Amount |
|---|---|---|---|---|---|
| 6 | 5/11/2011 | Martin R. Bader | ▮▮▮ | ▮▮▮ | ▮▮▮ |
| 15 | 6/8/2012 | Martin Bader | | | ▮▮▮ |
| 22 | 6/1/2012 | Martin R. Bader | | ▮▮▮ | ▮▮▮ |
| 24 | 6/8/2012 | Rex Bautista | | | |

(Plaintiff's Exhibit 15).  In entry no. 6, HTC has sought ███████ in expenses for a first class

airline ticket for Martin Bader.  HTC likewise sought expenses associated with a number of seat

upgrade for air travel.  Such requests do not pass muster as "reasonable."  In entry no. 15, Mr.

Bader submitted an expense of ██████ for a "travel meal" including the 36 alcoholic drinks:

- 3 Ketel One                        $41.25
- 14 Grey Goose                   $206.50
- 2 Cellar No. 8                      $32.00
- 2 Graham 40 year tawny      $52.00
- 2 Absolut                            $24.50
- 3 Absolut Mandarin; and      $33.75
- 10 Amstel Light                   $72.50

In entry no. 22, Mr. Bader had ███████████████ and ████████████████.  Finally,

in entry no. 24, HTC sought ██████ for Rex Bautista's ██████.  It appears that HTC gave its

expenses no scrutiny at all, let alone limit its request to reasonable expenses as required.

Accordingly, Plaintiff's objections to HTC's expenses should be adopted by the Court and

██████████ should be deducted from HTC's request.

## V.     HTC'S ATTORNEYS' FEES FROM AUGUST 26, 2014 GOING FORWARD

In the parties' Joint Statement, finalized on August 26, 2014, HTC sought ███████████

in fees and expenses.  However, in now moving for fees, HTC is seeking to supplement its fee

petition based on fees incurred after August 26, 2014.  The Court should reject HTC's attempt to

seek the award of even more fees.  By requesting, for the first time in this motion, the award of

additional fees incurred after the parties finalized their Joint Statement, HTC ignores the

procedure and purpose of Local Rule 54.3, through which the parties are to make a good faith

effort to agree on a reasonable fee award.  *See* LR54.3(d); *Richardson v. City of Chicago*, No. 08

C 4824, 2013 WL 2451107, at *6 (N.D. Ill. June 5, 2013).  There must be a point in time where

Plaintiff is no longer liable to HTC for the fees charged by its counsel. Otherwise, this matter will never be resolved. HTC's request for the award of fees actually and hypothetically incurred after the parties' finalized Joint Statement all but requires the parties' and the Court's ongoing attention to the calculation of attorney fees, in what will amount to a second litigation. *See Hensley*, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation."). However, should the Court deem additional fees reimbursable to HTC, Plaintiff requests the opportunity to lodge objections based on the reasonableness of these additional fees.

## VI.     HTC'S ENTITLEMENT TO INTEREST

The district court has the authority to award prejudgment interest on an award of attorneys' fees under 35 U.S.C. § 285 "in cases of bad faith or other exceptional circumstances." *Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1988) (internal quotations omitted). Plaintiff does not challenge an award of prejudgment interest at the prime rate from the filing of this litigation, May 14, 2009 to June 11, 2014, the day before the Court's "exceptional" case order. (Dkt. No. 299). However, Plaintiff challenges HTC's request for the award of prejudgment interest compounded monthly, as HTC has provided no factual or legal support for this request.

Plaintiff also does not dispute that HTC is entitled to postjudgment interest. *Mathis*, 857 F.2d at 759-60. However, HTC's request for the award of postjudgment interest at the prime rate compounded monthly is prohibited by statute. Postjudgment interest in federal litigation is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." 28 U.S.C. § 1961(a); *Mathis*, 857 F.2d at 760. HTC is entitled to postjudgment interest on its fee award, computed daily and compounded annually, from June 12, 2014 – the date of the Court's order finding this case exceptional– to the date of payment. 28 U.S.C. § 1961(b).

## VII. CONCLUSION

Based upon HTC's identification of attorney hours worked and rates charged in the parties' Joint Statement and Plaintiff's requested reductions described above, Plaintiff respectfully requests that HTC's award of attorneys' fees be calculated as follows:

| Name | Requested Reduction | Hours Reasonably Expended | Reasonable Hourly Rate | Reasonable Fee Amount |
|------|---------------------|---------------------------|------------------------|----------------------|
| Bader | ███ hours | ███████████ hours | $497/hr | ████ |
| Mueller | ███ hours | ██████████ hours | $365/hr | ████ |
| S. Korniczky | ███ hours | █████████ hours | $497/hr | ████ |
| Buccigross | ███ hours | ████████████ hours | $497/hr | ████ |
| Bautista | ███ hours | ████████ hours | $163.61/hr | ████ |
| P. Korniczky | ███ hours | ████████ hours | $497/hr | ████ |
| Schulz | ██ hours | ████████ hours | $365/hr | ████ |
| Erickson | ██ hours | █████████ hours | $163.61/hr | ████ |
| Lewis | ███ hours | ████████ hours | $163.61/hr | ██ |
| Kanabe | ███ hours | ██████ hours | $497/hr | █ |
| Setty | ███ hours | ██████████ hours | $497/hr | ████ |
| Balfour | ███ hours | █████████ hours | $497/hr | ████ |
| Kim | ███ hours | ██████████ hours | $365/hr | ████ |
| Suresh | ██ hours | █████████ hours | $365/hr | ████ |
| Ringel | ███ hours | ██████ hours | $135/hr | █ |
| Limbaugh | ██ hours | ████████ hours | $135/hr | ██ |
| Others | The reasonable fees for the remaining 30 people (all billed 30.25 hours or less) is calculated in Exhibit 16. | | | ████ |
| | | | **TOTAL FEES** | ████ |

Similarly, based upon the parties' Joint Statement and Plaintiff's objections, Plaintiff respectfully requests that HTC's award of expenses be made in accordance with the following calculation:

████████████████████.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on October 20, 2014, the foregoing **PLAINTIFF'S OPPOSITION TO HTC'S MOTION FOR FEES AND EXPENSES** was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

Paul J. Korniczky (pkorniczky@leydig.com)
Leydig, Voit & Mayer, Ltd.
180 North Stetson Avenue
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6731
Tel: (312) 616-5600
Fax: (312) 616-5700

Martin R. Bader
(mbader@sheppardmullin.com)
Stephen S. Korniczky
(skorniczky@sheppardmullin.com)
Graham M. Buccigross
(gbuccigross@sheppardmullin.com)
Matthew M. Mueller
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
Tel: (858) 720-7446
Fax: (858) 847-4883
***Attorneys for Hewlett-Packard Company and Palm, Inc.***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Shelly B. Kulwin
Attorneys for Intellect Wireless, Inc.