**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTELLECT WIRELESS, INC., | |
| Plaintiff, | Case No. 1:09-cv-02945 |
| v. | Honorable Judge William T. Hart |
| HTC CORPORATION and HTC AMERICA, INC., | Magistrate Judge Geraldine Soat Brown |
| Defendants and Counter-Claimants. | |

**DEFENDANTS HTC CORPORATION AND HTC AMERICA, INC.'S
NOTICE OF ERRATA RE AMENDED MOTION TO AWARD ATTORNEYS' FEES
AGAINST THE ATTORNEYS FOR INTELLECT WIRELESS**

HTC Corporation and HTC America, Inc. (collectively, "HTC") hereby notify the Court of an error in HTC's briefing in support of its Amended Motion to Award Attorneys' Fees Against the Attorneys for Intellect Wireless. (Dkts. 301 at 14, 323 at 11.) This error also occurs in the Court's Order finding the Niro attorneys jointly and severally liable for HTC's fees and expenses. (Dkt. 343 at 9.) The error is the misidentification of the attorney who questioned Daniel Henderson during trial at 355:18-25 in the transcript. The attorney doing the questioning was HTC's counsel, Sheppard Mullin, not Niro.

Yesterday, on January 28, 2015, Niro brought the error to the attention of HTC's counsel in a filing in the related litigation against other defendants. *Intellect Wireless, Inc. v. Sharp Corp.*, No. 1:10-cv-6763, Dkt. 259 (N.D. Ill. Jan. 28, 2015). Much like HTC, Niro failed to recognize or raise the error in its opposition to HTC's Amended Motion. (Dkt. 316.) Despite having the unfettered opportunity to raise the issue in opposition to HTC's motion, Niro did not

bring the error to HTC's attention until yesterday, when it filed a notice in *Intellect Wireless v. Sharp*. No. 1:10-cv-6763, Dkt. 259.

This minor and immaterial error does not impact the Court's ultimate decision finding Niro liable for attorneys' fees, and does not change Niro's undisputable and admitted knowledge that Henderson's declarations were false. Niro still knowingly elicited knowingly false testimony during trial and at Henderson's deposition:

> Q. Does this [first] declaration spanning pages HTC 00226974 through HTC 00226979, does this declaration anywhere state that you actually reduced to practice the receipt and display of an image on a wireless device?
> A. If I can review this for a moment. No, it does not.
> ***Q. Is there anything in this declaration that is untrue?***
> ***A. No. It's true.***

(Henderson Depo. at 399:15-24 (Dkt. 302-11); *see also* Dkt. 343 at 9 (citing *Intellect Wireless, Inc. v. HTC Corp.*, 910 F. Supp. 2d 1056, 1068-70 (N.D. Ill. 2012)).) Niro still made knowingly false submissions to the Court (Dkt. 343 at 6-9), intentionally obfuscated information in discovery (*id.* at 8), and withheld documents after trial despite this Court's Orders (*id.* at 10-11). Moreover, the Illinois and ABA Rules of Professional Conduct both required Niro to disclose to the Court that Henderson was engaging in fraudulent conduct by giving false testimony regardless of who was questioning Henderson. Ill. Rules of Prof'l Conduct, 3.3(b) ("A lawyer who represents a client in an adjudicative proceeding and who knows that a person … is engaging or has engaged in … fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal."); *see also id.* at Committee Comment 10; ABA Model Rules of Prof'l Conduct, 3.3(b). Clearly, Niro did not inform the Court or take remedial measures to lessen the impact of Henderson's false testimony, but, rather, continued to press forward with the case and IW's appeal.

Based on the totality of the evidence, the Court had ample grounds to hold Niro joint and severally liable for HTC's attorneys' fees, regardless of who elicited Henderson's false trial testimony. Thus, the Court's Order should remain, despite the minor error noted in this submission.

Dated: January 29, 2015    Respectfully submitted,

By:  /s/ Martin R. Bader
Stephen S. Korniczky
Martin R. Bader
Gray M. Buccigross
Matthew M. Mueller
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, CA  92130
Tel:    (858) 720-8900
Fax:    (858) 509-3691
skorniczky@sheppardmullin.com
mbader@sheppardmullin.com
gbuccigross@sheppardmullin.com
mmueller@sheppardmullin.com

Paul J. Korniczky
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 N. Stetson Avenue
Chicago, IL  60601-6731
Tel:    (312) 616-5600
Fax:    (312) 616-5700
pkorniczky@leydig.com

Attorneys for Defendants and Counter-Claimants
HTC CORPORATION and HTC AMERICA, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served through the Court's ECF filing system on attorneys of record in the case.

Date:   January 29, 2015                                   /s/ Martin R. Bader