IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION, HTC AMERICA, INC. <br><br> Defendants. | Case No. 09 C 2945 <br><br> Honorable William T. Hart <br> Magistrate Judge Geraldine Soat Brown |

## THE NIRO LAWYERS' RESPONSE TO HTC'S NOTICE OF ERRATA

Having induced the Court to believe a Niro firm lawyer led Mr. Henderson to lie at trial (Dkt. 343, at 9), HTC now tries to gloss over its misrepresentation (which the Court expressly relied upon) calling it a "minor and immaterial error." But it is neither minor nor immaterial. The Court sanctioned four lawyers individually and it is not immaterial nor minor that HTC accused a specific Niro firm lawyer of leading Mr. Henderson to lie, when, in truth, it was HTC's lawyer who elicited the false testimony.

The best HTC can do now is cite Mr. Henderson's March 2011 deposition testimony (not his June 2012 trial testimony) taken by a different Niro firm lawyer before trial, while ignoring the trial testimony that Mr. Henderson believed his declaration was true because it relied on ***both*** actual and construction reduction to practice:

> Q. "At least before February 10, 1993," and then says -- and it uses an "or," "to either an actual reduction to practice in July 1993 or to January 5, 1994, the filing date of the application." I think we've come to understand that this is constructive reduction to practice, this being the filing date of the application, and that the other is an actual reduction to practice, right?
>
> A. Yes.
>
> Q. So, when you -- when you looked at this and signed this, did you believe this was an accurate statement?

      A.    I did.

      Q.    Did you have to have both to make this accurate? In other words, if you had a constructive reduction to practice but not an actual reduction to practice, would this be an accurate statement?

      A.    Yes.

(Trial Transcript, June 7, 2012, pp. 560-61). This is far different from the trial testimony HTC led the Court to believe a Niro firm lawyer took at trial.

Nor does HTC now address the fact that it also led the Court to apply Second Circuit law on the drawing of adverse inferences based on a negligence standard, rather than the controlling Seventh Circuit law, which requires a heightened standard of "bad faith" – something that indisputably did not occur. The Seventh Circuit has explained that an adverse inference should be made only on "a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence to support the tendered [adverse inference] instruction." *Spesco, Inc. v. General Electric Co.*, 719 F.2d 233, 239 (7th Cir. 1983). *Accord*, *Miksis v. Howard*, 106 F.3d 754, 763 (7th Cir. 1997) ("Because the jury was properly instructed that it could not draw an adverse inference unless it found willful destruction of evidence, we do not find the prejudice necessary to warrant granting a new trial."); *Bracey v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013) ("Bracey bears the burden of showing defendants … destroyed that video in bad faith. That burden has not been met."); *In re Text Messaging Antitrust Litigation*, 2014 WL 2106727 at \*6 (N.D. Ill. May 19, 2014) ("The clear message of Seventh Circuit cases like *Bracey* and others is that a showing of bad faith is required….").

Further, the Court was also led by HTC to believe that the Niro firm lawyers knew of Henderson's false statements *before* filing the lawsuit against HTC in May 2009 (an Amended Complaint was filed in August 2009) (Dkt. 343, p. 11). But, the November 6, 2009 Henderson

email (which HTC argued informed the Niro firm lawyers of Mr. Henderson's lies) was dated *after*, not before, the HTC lawsuit was filed. And an interrogatory answer served a little more than three months after the November 6, 2009 email (and later verified by Mr. Henderson) revealed exactly what Henderson's November 6, 2009 email said (Intellect Wireless, Inc.'s First Supplemental Response to HTC Corporation's First Set of Interrogatories, Exhibit A, pp. 13-14). There was never any concealment of the relevant facts by any Niro firm lawyer, much less all four of them.

As this Court will fully appreciate, its January 9th Opinion has already had serious and devastating consequences for the involved lawyers, their families, their careers and their reputations. This is not merely a situation of who pays – it's about irreparable damage to the lives and professional careers of some really decent men and consequential injury to their families.

The belated admission by HTC that it led the Court to publicly condemn the conduct of one of the Niro firm lawyers for eliciting false testimony at trial, when it knew it was HTC's own lawyer who took that testimony, should cause the Court to vacate its Order in its entirety and award fees only against Intellect Wireless, not jointly and severally against the four Niro firm lawyers.

Dated: Jan. 30, 2015                    Respectfully submitted,


/s/ *Robert P. Cummins*
Robert P. Cummins
Norman, Hansen & DeTroy LLC
Two Canal Plaza, P.O. Box 4600
Portland, Maine  04112-4600
(207) 553-4712

Attorney for Niro, Haller & Niro

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 30, 2015 the foregoing

**THE NIRO LAWYERS' RESPONSE TO NOTICE OF ERRATA**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

| | |
|---|---|
| Stephen S. Korniczky (skorniczky@sheppardmullin.com) Martin R. Bader (mbader@sheppardmullin.com) Graham M. Buccigross (gbuccigross@sheppardmullin.com) Matthew M. Mueller Sheppard, Mullin, Richter and Hampton LLP 12275 El Camino Real, Suite 200 San Diego, CA  92130 Telephone:  858-720-8900 Facsimile:   858 509-3691  *Attorneys for HTC Corporation and HTC America, Inc.* | Paul J. Korniczky (pkorniczky@leydig.com) Leydig, Voit & Mayer, Ltd. 180 N. Stetson Avenue Suite 4900 Two Prudential Plaza Chicago, IL  60601-6731 Telephone:  312-616-5600 Facsimile ： 312-616-5700 (fax)  *Attorneys for HTC Corporation and HTC America, Inc.* |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                 */s/ Robert P. Cummins*
                                                 Attorney for Niro, Haller & Niro