**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **INTELLECT WIRELESS**, | ) | |
| Plaintiff, | ) | Case No. 09 CV 2945 |
| | ) | |
| v. | ) | The Honorable William T. Hart |
| | ) | Judge Presiding |
| **HTC CORPORATION,** *et al.,* | ) | |
| Defendants. | ) | |

**PLAINTIFF INTELLECT WIRELESS'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT**

Now comes the Plaintiff, INTELLECT WIRELESS ("IW"), by and through its attorneys, KULWIN, MASCIOPINTO & KULWIN, LLP., and respectfully submits this response in opposition to Defendants HTC CORPORATION's and HTC AMERICA, INC's (collectively, "Defendants" or "HTC") Motion for Entry of Judgment against Intellect Wireless, Inc., and Daniel Henderson, individually.

**I.    THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR AMOUNT OF ATTORNEYS' FEES AND COSTS**

For the reasons set forth in earlier filings, Intellect Wireless hereby adopts and incorporates the Niro attorneys' response and objections to Defendants' motion with respect to the nature and amount of attorneys' fees and costs to be ultimately awarded to Defendants. For those reasons, this Court should deny Defendants' request for entry of judgment in the amount of $4,098,886.40.

**II.   HENDERSON CANNOT BE HELD PERSONALLY LIABLE FOR FEES AND COSTS AWARDED AGAINST INTELLECT WIRELESS**

The Supreme Court has made it clear that Henderson cannot be held liable for any portion of the 35 U.S.C. § 285 award entered against IW where, as here, Henderson was not named as a party to the litigation before trial on the issue of inequitable conduct or prior to entry

of judgment on liability for attorneys' fees under Section 285 pursuant to a finding of inequitable conduct.

In Nelson v. Adams USA, Inc., 529 U.S. 460 (2000), the Supreme Court held that a corporate patent defendant could not obtain a judgment against the president and sole shareholder of a corporate patent plaintiff, against which it had obtained a Section 285 award for attorneys' fees and costs, who had not been named as a party to the case before the district court found the corporate patent plaintiff liable for such attorneys' fees and costs. Id. Specifically, in Nelson, after obtaining a Section 285 award against the patent corporate plaintiff, defendant sought to amend its pleadings to add the president and sole shareholder of the corporate patent plaintiff, in his individual capacity, as a party from whom it could collect Section 285 fees awarded against his corporation. Id. The corporate patent defendant also asked the court to amend the judgment to make the individual shareholder personally liable for the Section 285 attorneys' fees and costs award along with the corporate patent plaintiff. Id. The district court granted the corporate defendant's motion in its entirety and the appellate court affirmed. Id. at 464-65. The Supreme Court, however, reversed holding that due process required the individual owner/shareholder "be given an opportunity to respond and contest his personal liability for the award after he was made a party and before" a Section 285 liability finding for attorneys' fees and costs was made. Id. at 463.

In the instant case, Henderson was not named as a party to the litigation prior to the Court entering judgment in favor of HTC and against IW, declaring the patents in issue unenforceable due to inequitable conduct, declaring the case exceptional and/or holding IW liable for attorneys' fees and costs pursuant Section 285. See Dkt. Nos. 216, 232, 343. In spite of the preceding, Defendants are now asking the Court to pierce the corporate veil and hold Henderson personally

2

liable for attorneys' fees and costs entered against IW pursuant to Section 285. Given the Supreme Court <u>Nelson</u> decision, however, the Court clearly must deny Defendants' motion to hold Henderson personally liable because, to do so, would violate Henderson's constitutional right to due process. <u>See</u> <u>Nelson</u>, <u>supra</u>.

Similarly, in <u>Advanced Magnetic Closures, Inc. v. Rome Fastener Corp</u>., No. 98 C 7766, 2008 WL 2787981, at * 18 (S.D.N.Y. July 17, 2008), *rev'd in part on other grounds,* 607 F.3d 817 (Fed. Cir. 2010), a case directly on point and factually identical to the case at hand, the court refused to find a shareholder liable under a veil piercing theory after the plaintiff was charged with inequitable conduct before the U.S. Patent & Trademark Office ("PTO") and vexatious litigation where the shareholder was not the plaintiff in the case, rather the plaintiff was his company. Specifically, the infringement plaintiff was Advanced Magnetic Closures ("AMC"). Bauer, was the president and sole shareholder of AMC as well as the alleged inventor. During trial, it was discovered that AMC lied to the PTO to obtain the patent in question. <u>Id</u>. at 6. Romag, the defendant, just like HTC here, moved for and was awarded attorneys' fees from AMC for inequitable conduct. <u>Id</u>. at 1. Realizing that AMC was nonoperational and without assets, Romag, as HTC is trying to do here, attempted to pierce the veil and hold Bauer liable as the owner of AMC. <u>Id</u>. at 18. Applying <u>Nelson</u>, the court **refused to pierce the corporate veil** on due process grounds to hold the individual shareholder liable for the Section 285 award:

> Romag offers no justification for its failure to name [Bauer] as [a party] **before the case proceeded to trial**. Romag was certainly aware of Bauer and the instrumental role he played in securing the [patent] and in driving the present litigation. While Bauer was present throughout the trial, his presence was in his capacity as the owner of AMC. Whether he might have pursued alternate strategies for defending against the inequitable conduct claim if facing personal liability is a matter of speculation. Such predictions about the outcome of hypothesized litigation cannot substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated. <u>Id</u>. at 18 (citing <u>Nelson</u>, 529 U.S. at 471) (emphasis added).

Further, that the non-party individual shareholder may be aware that the corporate patent defendant may belatedly seek to hold the individual shareholder personally liable for a Section 285 award post-judgment, does not mean that the corporate patent defendant can bypass fundamental due process requirements and obtain a judgment for Section 285 attorneys' fees and costs personally against the individual shareholder. Nelson, 529 U.S. at 461. In other words, the fact that Henderson was aware of the litigation or financing it does not mean that he can be held personally liable for the Section 285 award imposed against IW. Id.; see also Gen. Elec. Capital Corp. v. Shattuck, 132 So.3d 908, 913 (2d. Dist. 2014) ("The fact that some of the Appellants may have been aware of the litigation and even 'controlling' or financing [the litigation] likewise does not mean that the basic requirements of due process could be avoided"). Based on the foregoing, Defendants cannot now ask the Court to pierce the corporate veil and hold Henderson personally liable for the Section 285 award it obtained against IW and HTC's request in this regard should be denied. None of the cases cited by Defendants support a different conclusion.

First, both S.E.C v. Resource Development Intern., LLC, 487 F.3d 295 (5th Dist. 2007) and Castleberry v. Branscum, 721 S.W.2d 270 (Tex. 1986) involve litigation in which the individual officer/shareholder, **in a non-patent matter which did not involve a Section 285 award**, was a named party to the case thereby eliminating the due process concerns present here. Second, the one case that does involve an unnamed party, but also a non-patent/Section 285 case, Ballore S.A. v. Import Warehouse, Inc., 448 F.3d 317 (5th Dist. 2006), actually supports Plaintiff's argument here. In Ballore, the court held, consistent with due process, a court may not use the Texas turnover statute to adjudicate the rights and seize the assets of a third party. Id. at 324. More specifically, the court held that the statute could not be used to find that a store owned by the judgment debtor's mother, who was **not a party** in the underlying action, was the debtor's

4

alter-ego, and thus the district court's order piercing the store's corporate veil was vacated. Id. at 325-26.

In summary, Henderson cannot be held personally responsible for any portion of the award entered against IW pursuant to Section 285 as he was not named as a party prior to the trial on the issue of inequitable conduct and prior to a finding of Section 285 liability for attorneys' fees and costs. To do so would clearly violate Henderson's constitutional right to due process. See e.g., Nelson, Advanced Magnetic Closures, Shattuck, supra.

### III. CONCLUSION

WHEREFORE, based on the foregoing, INTELLECT WIRELESS respectfully moves this Honorable Court to deny Defendants' motion for entry of judgment of attorneys' fees and costs in the amount of $4,098,886.40 and deny Defendants' motion for entry of judgment personally against Daniel Henderson.

Dated: June 1, 2015					Respectfully submitted,

						/s/ Shelly B. Kulwin

						Shelly B. Kulwin
						Jeffrey R. Kulwin
						Rachel A. Katz
						KULWIN, MASCIOPINTO & KULWIN, LLP
						161 N. Clark Street, Suite 2500
						Chicago, Illinois 60601
						O: 312.641.0300; F: 312.855.0350

						*Attorneys for Plaintiff Intellect Wireless, Inc.*

## **CERTIFICATE OF SERVICE**

  I, Shelly B. Kulwin, an attorney, certifies that he served copies of the above document, along with this Certificate of Service to the attorney(s) listed below via ECF on this June 1, 2015.

Stephen S. Korniczky
(skorniczky@sheppardmullin.com)
Martin R. Bader
(mbader@sheppardmullin.com)
Graham M. Buccigross
(gbuccigross@sheppardmullin.com)
Matthew M. Mueller
Sheppard, Mullin, Richter and Hampton LLP.
12275 El Camino Real, Suite 200
San Diego, CA 92130

*Attorneys for HTC Corporation and HTC America, Inc.*

Robert P. Cummins
(rpc@cumminslawfirm.com)
The Cummins Law Firm, P.C.
161 North Clark , Suite 2550
Chicago, IL 60601

*Attorneys for Niro, Haller & Niro*

Paul J. Korniczky (pkorniczky@leydig.com)
Leydig, Voit & Mayer, Ltd.
180 N. Stetson Avenue
Suite 4900
Two Prudential Plaza
Chicago, IL 60601-6731

*Attorneys for HTC Corporation and HTC America, Inc.*

Respectfully Submitted,

/s/ Shelly B. Kulwin

Shelly B. Kulwin
Jeffrey R. Kulwin
Rachel A. Katz
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
O: 312.641.0300; F: 312.855.0350

*Attorneys for Plaintiff Intellect Wireless, Inc.*