IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTELLECT WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 2945 |
| | ) | |
| HTC CORPORATION and HTC | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION AND ORDER

This case is before the court for a final determination as to the amount of fees and costs plaintiff Intellect Wireless, Inc. ("IW") and its former attorneys (collectively "Niro") must pay to defendants HTC Corporation and HTC America, Inc. (collectively "HTC" or "defendants") pursuant to, respectively, 35 U.S.C. § 285 and 28 U.S.C. §1927. *See **Intellect Wireless, Inc. v. HTC Corp.***, 2015 WL 136142 (N.D. Ill. Jan. 8, 2015) ("***January Fee Ruling***"). In the ***January Fee Ruling***, it was determined that the liability of IW and Niro was joint and several and the amount due is the same under both fee statutes. Various rulings were made regarding the calculation of the amount of fees and costs. While no specific amount was determined, the parties were directed to apply the rulings to the

claimed amounts and to attempt to agree on the specific total that would result. While the parties were unable to fully agree as to the appropriate application, they did substantially narrow the dispute to less than $400,000. Defendants now contend the amount to be awarded should be $4,098,286.40 while IW and Niro both contend the amount should be $3,700,000.00.

For the first time, defendants now seek to hold Daniel Henderson, the owner and principal of IW, personally liable for the fee award that will be entered against IW. Relying on Texas law, which is where IW is incorporated, defendants seek to pierce the corporate veil of IW. Citing *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000), Henderson and IW contend it would violate Henderson's due process rights to now add him as a party and hold him liable. On the other hand, Niro agrees with defendants that the judgment for a fee award should be entered against Henderson.

Henderson's individual liability will be addressed first. In their motion to hold IW liable for fees based on this being an exceptional case, defendants contended that IW (and Niro) were liable; it did not seek a finding that Henderson himself was personally liable. *See* Order dated June 12, 2014 [299]; Defs. Renewed Motion [232]; Defs. Reply [248]. *See also* Defs. Motion [329] at 1;

Defs. Original Fee Motion [226] at 15. No written request to hold Henderson personally liable was raised until the latest briefing on fees. *See* Defs. Motion for Judgment [363] (April 30, 2015). Contrary to Henderson's contention, there is no due process problem because, unlike the situation in *Nelson*, this court would not enter judgment against him without first giving him adequate opportunity to respond. Henderson was provided the opportunity to respond to defendants' Motion for Judgment, but only argued that the issue of piercing the corporate veil should not be addressed; Henderson did not address the merits of whether the veil should be pierced. *See* Pls. Response [369].

In any event, for other reasons, this court declines to presently consider whether Henderson should be held personally liable. This case was filed in May 2009. HTC first filed a counterclaim in August 2009. Henderson was not named as a counterdefendant in the initial counterclaim nor any amendments thereto. On September 6, 2012, judgment was entered in HTC's favor based on a finding that IW, through Henderson, had engaged in inequitable conduct. *See Intellect Wireless, Inc. v. HTC Corp.*, 910 F. Supp. 2d 1056 (N.D. Ill. 2012). HTC promptly moved for fees against IW, *see* Defs. Motion [226], but briefing was held in abeyance pending resolution of IW's appeal of the

dismissal of the case, *see* Order dated Nov. 29, 2012 [228]. In October 2013, the dismissal was affirmed, ***Intellect Wireless, Inc. v. HTC Corp.***, 732 F.3d 1339 (Fed. Cir. 2013), and the mandate was returned in November. In November 2013, HTC filed a renewed motion for a fee award against IW and Niro. An award against Henderson was not requested. Further discovery was taken and, after IW conceded liability pursuant to § 285, an amended motion [329] was filed and briefed regarding Niro's liability for fees as well as the specific amount of a fee award. In 2015, the January Fee Ruling was issued, finding Niro liable pursuant to § 1927 and the parties were directed to attempt to settle remaining issues or at least attempt to agree on the appropriate amounts based on the January Fee Ruling. Not being able to come to an agreement, on April 30, 2015, HTC filed the presently pending fee motion in which, for the first time, a personal judgment against Henderson is sought. At this point, nearly three years after a judgment dismissing the case was entered, the court declines to consider adding an additional party to the case. Moreover, to the extent this is properly characterized as a post-judgment, ancillary proceeding seeking to pierce the corporate veil, that is an inappropriate proceeding on which to base supplemental jurisdiction. *See* ***Peacock v. Thomas***, 516 U.S. 349 (1996); ***Cygnus Telecomm. Tech., LLC v.***

*Totalaxcess.com, Inc.*, 345 F.3d 1372, 1377-79 (Fed. Cir. 2003); *Abbott Labs. v. CVS Pharmacy, Inc.*, 290 F.3d 854, 858-59 (7th Cir. 2002); *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 786-88 (11th Cir. 2015). The fee award claim against Henderson personally is denied without prejudice as to any other proceedings.

Without citing any authority, *see* Niro Br. [370] at 5-6, Niro contends[1] HTC is not entitled to any fees incurred after September 2014 because that time was devoted to pursuing the fee award. The *January Fee Ruling*, 2015 WL 136142 at *5, indicated in passing that fees for pursuing fees are permitted. Such fees are awardable under both § 285, *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983), and § 1927, *Harter v. Iowa Grain Co.*, 1997 WL 126842 *1 (N.D. Ill. March 18, 1997). When a fee provision permits fees for pursuing fees, this also includes time reasonably expended on successful or unsuccessful attempts to negotiate the amount of fees. *Mich. v. U.S. E.P.A.*, 254 F.3d 1087, 1096 (D.C. Cir. 2001); *Salazar v. D.C.*, 991 F. Supp. 2d 39, 58 (D.D.C. 2014); *Westendorp v. Indep. Sch. Dist. No. 273 (Edina, Minn.)*, 131 F.

---

[1]As to the appropriate amount of fees, IW joins in Niro's contentions. IW did not raise any separate arguments of its own regarding the amount of fees.

- 5 -

Supp. 2d 1121, 1125, 1127 (D. Minn. 2000). Fees will be awarded for time expended through the conclusion of the fee dispute. Since Niro raises no specific objection to fees incurred in the post-September time period, the amount requested by HTC for that time period will be awarded.

As to the June through September 2014 time period, Niro contends that Mueller's hours should be reduced by 19.05 and S. Korniczky's by .5. *See* Niro Exh. E at 3 [370-5, p. 4]. Niro, however, does not identify the dates for those hours. Since Niro's objection lacks specificity, no reduction will be made to the fees presently requested by HTC.

This leaves the objections to costs and expenses which are set forth in Niro Exhibits E [370-5 p. 4-6] and F [370-6]. Both taxable costs and nontaxable expenses are included in HTC's Exhibit 3 [365-3]. The total amount is $501,520.96.[2] Nothing is double-billed. The double billing objections of Niro are denied.

As to some of the objections now raised by Niro, HTC contends that they were not previously raised. To the extent any purportedly newly raised objection necessitates only a response that HTC can now provide, the objections will not be

---

[2]In their reply, defendants reduce the amount requested by $600.00.

treated as waived.  However, newly raised contentions that supporting receipts are not provided will not now be considered since that would require providing additional submissions, not just an explanation or argument.  Also, when the court set forth applicable principles in the ***January Fee Ruling***, those principles were to be applied consistently, not solely to items specifically mentioned in that ruling.  Thus, all premium car services should have been eliminated, not just those for the Smithsonian witnesses.  Expenses will be reduced by car service items listed on page 6 of Niro's Exhibit F which total $2,441.37.[3]

It is unclear why hotel expenses were paid for Smithsonian employees on dates other than when brought here for trial.  But the same rule for reducing hotel expenses should be applied.  HTC's claimed amount will be reduced by $343.18.

HTC's representations that no first class airfare is included other than the $600 they agree to remove are accepted.  No further reduction will be made to airfare expenses.

The expenses for translating documents are permitted.

---

[3]HTC states that it should instead be allowed the equivalent taxi fare, but it fails to provide those amounts and final resolution of the award will not be delayed for such submission.

It was previously held, that the time billed for attorney George Kanabe at trial would not be allowed. ***January Fee Ruling***, 2015 WL 136142 at *8. $5,223.56 in related expenses also will not be allowed.

$7,812.79 listed on page 7-8 of Niro Exhibit F have either already been eliminated or are proper. No further reduction will be made.

Applying the foregoing rulings, HTC's award for costs and expenses is $493,512.85. Correspondingly, the appropriate prejudgment interest calculated through June 30, 2015 would be $56,957.64. Since the judgment will be entered in mid-July, another half -month of interest at 3.25% per annum will be added, which is an additional $745.43.

HTC will be awarded $3,538,814.61 in fees and $551,215.92 in costs and expenses (including prejudgment interest) for a total of $4,090,030.53.

IT IS THEREFORE ORDERED that defendants' motion for judgment [363] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendants HTC Corporation and HTC America, Inc. and against plaintiff Intellect Wireless, Inc., and attorneys Raymond Niro, Paul Vickrey, Paul Gibbons, and David Mahalek jointly and severally in the amount of

$4,090,030.53 representing attorney fees, costs, expenses, and prejudgment interest on the costs and expenses.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED:  JULY  21, 2015